IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRETT-ANDREW: HOUSE OF NELSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:20-cv-02906-C (BT) |
| DANIEL AUSTIN WALZL, | § § | |
| Defendant | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brett-Andrew: House of Nelson filed this *pro se* civil action seeking to confirm an alleged arbitration award. *See* Mot. (ECF No. 3). The Court granted Plaintiff leave to proceed *in forma pauperis*, but withheld issuing process pending judicial screening. *See* Order (ECF No. 6). For the following reasons, the Court should dismiss this case for lack of subject matter jurisdiction and decline to rule on any pending motions, including his motion for a default judgment, motion for reconsideration of the Clerk of Court's refusal to enter a default judgment, and motion to confirm the arbitration award. *See* (ECF Nos. 7, 10, and 12).

**Background**

On September 21, 2020, Plaintiff, a Colorado resident, commenced this civil action by filing a "Motion to Confirm Foreign Judegment Award [sic]." *See* Mot. (ECF No. 3 at 2). Plaintiff also filed a memorandum in support of his motion in which he alleges that he and the defendant, Daniel

1

Austin Walzl, "an appointee of the Governor of Colorado, in his capacity with the State of Colorado," entered into a contract by which the parties agreed to settle any disputes. *See* Memorandum (ECF No. 4 at 1). Plaintiff claims that a dispute between the parties arose and that he obtained an arbitration award from Sitcomm Arbitration Association against Walzl in the amount of $6,898,000.00. *See* Complaint (ECF No. 3 at 1-2); Memorandum (ECF No. 4 at 1). Plaintiff purports to bring this action pursuant to 9 U.S.C. § 9, the Federal Arbitration Act (FAA), to confirm the award. *Id.*[1]

## Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the

---

[1] Plaintiff also attached a copy of the alleged arbitration award to the memorandum. *See* (ECF No. 4 at 9).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The court "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

## Analysis

This Court lacks subject matter jurisdiction over this action. "Under the FAA, arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Quezada v. Bechtel OG & C Construction Services, Incorporated*, 946 F.3d 837, 840 (5th Cir. 2020) (quoting 9 U.S.C. § 2) (further citation omitted). A party to an arbitration agreement

3

may also seek an order from a federal district court compelling arbitration, and any party to an arbitration may seek to confirm the final arbitration award, which "the court must grant . . unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. §§ 4, 9; *see also Hall St. Associates, L.L.C. v. Mattel, Inc.* 552 U.S. 576, 582 (2008). But "[a]s for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Hall St. Associates, L.L.C., Inc.*, 552 U.S. at 581-82. "Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada*, 946 F.3d at 841 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983)).

"A district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020), *rec. accepted*, 2021 WL 409999, (N.D. Tex. Feb. 5, 2021) (dismissing complaint by this Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction) (citing *Quezada*, 946 F.3d at 843). In the context of the FAA, the proper standard for determining whether federal question jurisdiction exists involves a

4

"look through" approach. *Id.* at 841. Under this approach, "[a] federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

      Here, Plaintiff asserts that jurisdiction exists under 9 U.S.C. § 9. But, as noted, the FAA does not supply federal-court jurisdiction. Rather, an independent jurisdictional basis is needed. And while the Court must liberally construe pleadings filed by *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even under the most liberal construction, Plaintiff has failed to allege facts supporting federal question or diversity jurisdiction. He fails to allege facts from which the Court could determine that the underlying dispute subject to arbitration presents a federal question. *See Vaden*, 556 U.S. at 62. Nor can Plaintiff avail himself of diversity jurisdiction. He alleges that he is a citizen of Colorado and that Walzl is an appointee of the Governor of Colorado who is sued in his capacity with the state of Colorado. Thus, Plaintiff has not met his burden of demonstrating the complete diversity of citizenship of the parties. *See Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

5

The Court also notes that Plaintiff has filed similar actions in this and other courts around the country seeking to confirm alleged arbitration awards against Walzl and others, the majority of which have been dismissed (or have been recommended to be dismissed with the recommendation still pending) for lack of subject matter jurisdiction. *See, e.g., Brett-Andrew: House of Nelson v. Jackson*, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020), *rec. accepted*, 2021 WL 409999, (N.D. Tex. Feb. 5, 2021); *Nelson v. Talbot et al.*, No. 1:19-cv-03643, (D. Colo. March 6, 2020); *Andrew v. Walzl*, 2020 WL 195362 (C.D. Cal. Apr. 23, 2020); *Nelson v. Talbot et al.*, No. 1:20-cv-01053, (D. Colo. May 7, 2020), *aff'd, Andrew v. Talbot*, No. 20-1424, 2021 WL 118007, at *1 (10th Cir. Jan. 13, 2021).

Finally, the Court notes that Plaintiff has filed other motions since he filed his "Motion to Confirm Foreign Judgement Award [sic]." These include: (1) a motion for entry of default judgment, which the Clerk of Court declined to enter (ECF No. 7); (2) a motion to reconsider regarding the Clerk of Court's refusal to enter a default judgment (ECF No. 10); and (3) a motion to confirm the unchallenged arbitration award (ECF No. 12) in which Plaintiff again asks this Court to confirm his alleged arbitration award. But because this action should be dismissed for lack of subject matter jurisdiction, the Court should decline to rule on any pending motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)

(explaining the Court cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction); *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994) ("'Unless a federal court possesses subject matter jurisdiction over a dispute . . . any order it makes (other than an order of dismissal or remand) is void.'" (quoting *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 568 (5th Cir. 1991)).

## Recommendation

For these reasons, the Court should dismiss this case for lack of subject matter jurisdiction and decline to rule on any pending motions.

Signed April 15, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).